■ SALVATORE SAPIENZA et al, Appellants, et al., Plaintiff, v. JOHN JENNINGS, Also Known as JOHN JAMES, Respondent, et al., Defendants.— Order of the Supreme Court, Kings County, dated July 11, 1967, which granted respondent's motion to compel the infant plaintiffs to submit to physical examination, reversed, with $10 costs and disbursements, and motion denied. By failing to move timely to strike the action from the calendar, respondent assented to the statement of readiness and waived his right to further preliminary proceedings (*Williams* v. *New York City Tr., Auth.*, 23 A D 2d 590). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ WESTCHESTER COUNTY REALTY BOARD, INC., Appellant, v. MURRAY J. LANDMAN, Respondent.— Order of the Supreme Court, Westchester County, dated July 26, 1966, affirmed, with $10 costs and disbursements, upon the opinion of the Special Term. Brennan, Acting P. J., Rabin and Hopkins, JJ., concur; Benjamin and Munder, JJ., dissent and vote to reverse the order and grant the application, with the following memorandum: Petitioner brings this proceeding under section 964 of the Penal Law to enjoin respondent, a licensed real estate broker, from using the term "Realtor" in connection with his business. It brings this proceeding on behalf of itself and the National Association of Real Estate Boards, of which it is a member. The term "Realtor" was coined many years ago in the midwest; and the right to use it was thereafter assigned to the National Association of Real Estate Boards. In 1949 the National Association registered it with the United States Patent Office. By definition, that term applies only to: "A real-estate broker who is an active member of a local board having membership in the National Association of Real Estate Boards, an organization * * * for the advancement of the interests of real-estate brokers and the protection of the public from unprincipled agents or brokers" (Webster's New International Dictionary [2d ed.]). From 1958 to 1961, respondent was an active member of petitioner board. In 1961 he resigned and since then has not been an active member. Nevertheless, he still uses the word "Realtor" in his advertisement in the Yellow Pages of the telephone directory. It seems clear to us that by so doing he is violating the provisions of section 964 of the Penal Law, which provides that no person shall, with intent to mislead the public, "use as, or as part of, a corporate, assumed or trade name * * * any name, designation or style * * * which may deceive * * * the public" as to his identity or connection with any other person or firm. Plainly, respondent's use of the term "Realtor" in his listing is intended to mislead the public into beliving that he is an active member of petitioner. By so using it, he has violated the statute even though his use of it is not in connection with "a corporate, assumed or trade name", but in connection with his own name. To say, as did Special Term, that for this reason the statute has not been violated, is to read the statute in an unreasonably restrictive manner and in a way that completely loses sight of the statute's salutary objective, namely, the prevention of fraud upon the public. We believe the statute, reasonably read, encompasses the kind of deceit here practiced by respondent; and petitioner consequently is entitled to summary injunction therein provided.